Appeals from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered January 6, 2014. The order, inter alia, denied the motion of defendants Rome Youth Hockey Association, Inc., and Whitestown Youth Hockey Association, Inc. for summary judgment.
It is hereby ordered that the order so appealed from is modified on the law by granting in part the motion of defendants Rome Youth Hockey Association, Inc. and Whitestown Youth Hockey Association, Inc. and dismissing the complaint against defendant Whitestown Youth Hockey Association, Inc. and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Raymond Pink (plaintiff) when defendant Matthew Ricci allegedly struck him during a fight that also involved fellow spectators at a youth hockey game. Ricci thereafter pleaded guilty to assault in connection with the fight. On the first of the prior appeals, we concluded, inter alia, that Supreme Court (Shaheen, J.), properly granted plaintiffs’ motion to compel Ricci to respond both to their discovery demands, which included requests for copies of all court and police records from the criminal proceedings against Ricci, and to questioning during his deposition concerning those records (Pink v Ricci, 74 AD3d 1773, 1774 [2010]). We also concluded that Ricci, through cross claims he asserted against the remaining defendants, waived his statutory privilege of confidentiality with respect to those records (id.). On the subsequent prior appeals, we concluded, inter alia, that Supreme Court (Shaheen, J.) erred in granting plaintiffs’ cross motion for summary judgment on liability, and that the court erred in granting the respective cross motions of defendants Mark Wilbur and Christin Wilbur (Wilburs) and defendants Rome Youth Hockey Association, Inc. (RYHA) and Whitestown Youth Hockey Association, Inc. (WYHA; collectively, hockey associations) for summary judgment on their cross claims against Ricci for contribution (Pink v Ricci, 100 AD3d 1446, 1447-1448 [2012]).
*1377 The hockey associations and the Wilburs now appeal from an order of Supreme Court (MacRae, J.) that, inter alia, denied their respective motion and cross motion for summary judgment dismissing the complaint and cross claims against them. Contrary to the contention of the hockey associations, there is an issue of fact whether the duty of RYHA to plaintiffs included the duty to protect plaintiffs from Ricci’s conduct (see generally Barry v Gorecki, 38 AD3d 1213, 1215 [2007]). “Foreseeability . . . determines the scope of [a] duty once it is determined to exist” (Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232 [2001]) and, given the hostile environment in the arena before the fight, there is an issue of fact whether RYHA knew or should have known of the likelihood of the fight (see Jacqueline S. v City of New York, 81 NY2d 288, 294 [1993], rearg denied 82 NY2d 749 [1993]). Here, the tensions in the stands built throughout the game such that we conclude that a trier of fact should determine whether RYHA had a duty to intercede and protect plaintiff (see Jayes v Storms, 12 AD3d 1090, 1090-1091 [2004]; Ash v Fern, 295 AD2d 869, 870 [2002]; Cittadino v DeGironimo, 198 AD2d 801, 802 [1993]). We further conclude, however, that the court erred in denying that part of the motion of the hockey associations seeking summary judgment dismissing the complaint against WYHA, and we therefore modify the order accordingly. Here, the record establishes that WYHA did not own the arena and, unlike RYHA, WYHA did not lease even part of that facility. We thus conclude that WYHA is entitled to summary judgment because it owed no duty of care to plaintiffs (see generally Parslow v Leake, 117 AD3d 55, 60 [2014]).
Finally, we conclude that the court properly denied the Wilburs’ cross motion for summary judgment. The Wilburs contend that their conduct merely furnished the occasion for Ricci’s assault of plaintiff, but on this record we conclude that the court properly declined to make that determination as a matter of law. Indeed, questions of proximate cause generally are for the jury (see Prystajko v Western N.Y. Pub. Broadcasting Assn., 57 AD3d 1401, 1403 [2008]; see also McCarville v Burke, 255 AD2d 892, 893 [1998]).
All concur except Lindley, J., who dissents in part and votes to modify in accordance with the following memorandum.